IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**STATE OF KANSAS,**
**ET AL.**                                                                                                          **PLAINTIFFS**

V.                            CASE NO. 2:24CV00088 JM

**MERRICK GARLAND,**
**ET AL.**                                                                                                         **DEFENDANTS**

## ORDER

Pending is Plaintiffs' motion for preliminary injunction, docket # 4.[1] Defendants have filed a response and Plaintiffs have filed a reply. On May 17, 2024, the Court held a hearing in this matter. After reviewing the pleadings, including the amicus briefs which were filed, and hearing argument of counsel, the Court finds that the State of Arkansas has failed to demonstrate standing accordingly, the State of Arkansas is dismissed without prejudice. Because no Plaintiff with standing resides in this district, venue is improper. The Court hereby transfers jurisdiction to the United States District Court for the District of Kansas pursuant to 28 U.S.C. §1406.

Plaintiffs, twenty-one states, led by Kansas, three individuals and an association, all from Kansas, challenge the Final Rule promulgated on April 19, 2024 by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). The Final Rule published at 89 Fed. Reg. 28968 (April 19, 2024) (to be codified at 27 C.F.R. pt. 478) provides a "Definition of 'Engaged in the

---

[1] Similar cases are currently pending in the Northern District of Texas, *State of Texas et al., v. Bureau of Alcohol, Tobacco, Firearms and Explosives et al.*, Case No. 2:24cv89-Z (N.D. Tex. filed May 1, 2024) and the Middle District of Florida, *State of Florida et al.., v Bureau of Alcohol, Tobacco, Firearms and Explosives et al.*, Case No. 8:24cv01041 (M.D. Fla. filed May 1, 2024).

Business' as a Dealer in Firearms." Plaintiffs argue that the Final Rule violates the Administrative Procedure Act ("APA") and the U.S. Constitution. Plaintiffs seek a nationwide preliminary injunction enjoining the Defendants from implementing or acting pursuant to the Final Rule.

"The primary function of a preliminary injunction is to preserve the status quo until, upon final hearing, a court may grant full, effective relief." *Ferry-Morse Seed Co. v. Food Corn, Inc.*, 729 F.2d 589, 593 (8th Cir. 1984). The Court considers four factors in evaluating Plaintiffs' request for a preliminary injunction: (1) the likelihood of success on the merits; (2) the likelihood of irreparable harm in the absence of an injunction; (3) the balance of equities; and (4) the public interest. *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1983) citing, *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 112 (8th Cir. 1981) (en banc).

Defendants argue that the State Defendants lack standing to seek injunctive relief because they have not alleged a concrete and imminent injury in fact. "[S]tanding is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *City of Clarkson Valley v. Mineta,* 495 F.3d 567, 569 (8th Cir. 2007). "In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "[S]tanding imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Article III. This is the threshold question in every federal case, determining the power of the court to entertain suit." *Id.*

To satisfy the case-or-controversy requirement of Article III of the United States Constitution, a plaintiff must establish standing as an "indispensable part of the plaintiff's case." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). To meet this standing requirement, the plaintiff must (1) have suffered an injury in fact, (2) establish a causal relationship between the

2

contested conduct and the alleged injury, and (3) show that a favorable decision would redress the injury. *Lujan*, 504 U.S. at 560–61. To allege an "injury in fact" that confers standing to seek injunctive relief, a plaintiff must face a threat of ongoing or future harm. *Park v. Forest Serv. of the U.S.*, 205 F.3d 1034, 1037 (8th Cir. 2000). Further, an injury in fact "must be concrete, particularized, and actual or imminent." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal quotation marks omitted). The purpose of this requirement "is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending." *Id.* (internal quotation marks omitted). Allegations of a possible future injury are insufficient to confer standing. *Id.*

Plaintiffs argue that implementation of the Final Rule will result in a decrease in state tax revenue collected by the states. Specifically, as to Arkansas, Plaintiffs anticipate that Final Rule will reduce the number of firearms sold and the number of vendors at gun shows, resulting in a decrease in gun show table rentals and tax revenue. Arkansas charges a 1% short-term-tax on the cost of any table rentals that are at gun shows in addition to a sales tax that applies to the sale of firearms at gun shows and online.

The Court finds that these injuries are vague and speculative and the State of Arkansas has not shown that the injuries are "concrete, particularized, and actual or imminent." *Clapper* at 409. The State of Arkansas alleges in the complaint it may (or will) sustain reduced revenue as a result of potentially fewer tables being rented at guns shows. Unlike the States of New Hampshire, Oklahoma, Virginia, and Wyoming who submitted declarations to establish potential harm, Arkansas submitted no declaration and failed to call at any witness at the preliminary injunction hearing to establish harm. It is Arkansas's burden to establish standing. It is speculative to assume that any potential, marginal, loss of a 1% table tax would not be made up from the collection of

sales tax from the sale of firearms being diverted to a licensed dealer. Since the sales tax on the sale of firearms is significantly higher than the 1% tax on gun show tables, the State of Arkansas may well net a tax collection increase should the rule go into effect. The notion that an eligible, law abiding, person desiring to buy a firearm would refrain from acquiring one if required follow the proposed rule, and that that decision might affect tax revenue is to speculative to establish standing. Allegations of possible future injury without factual support is not sufficient to establish "certainly impending" injury. *Clapper* at 409. *See Com. of Pa., by Shapp v. Kleppe,* 533 F.2d 668, 672 (D.C. Cir. 1976) (finding that the allegation that tax revenues were reduced is "the sort of generalized grievance about the conduct of government, so distantly related to the wrong for which relief is sought, as not to be cognizable for purposes of standing."). *See also Morehouse Enterprises, LLC v. Bureau of Alcohol, Tobacco, Firearms & Explosives,* 78 F.4th 1011, 1017 n. 5 (8th Cir. 2023) (finding that the states' allegation that it would suffer a decrease in tax revenue along with other harm was vague, speculative and failed to establish standing) and *Iowa ex rel. Miller v. Block*, 771 F.2d 347 (8th Cir. 1985) (finding that the state could not establish a sufficient injury in fact to satisfy the constitutional requirements of standing where the state alleged it would suffer a decrease in tax revenues). The United States Supreme Court recently reiterated this principle when it stated: "[I]n our system of dual federal and state sovereignty, federal policies frequently generate indirect effects on state revenues or state spending. And when a State asserts, for example, that a federal law has produced only those kinds of indirect effects, the State's claim for standing can become more attenuated." *United States v. Texas*, 599 U.S. 670, 680, n. 3 (2023). For these reasons, the State of Arkansas does not have standing to proceed with this action and is therefore dismissed without prejudice.

Having found that the State of Arkansas does not have standing to proceed in this action, venue is improper in this Court. Pursuant to 28 U.S.C. §1406, the Court hereby transfers this case to the United States District Court for the District of Kansas where venue appears to be proper. The Clerk of the Court is requested to transfer the case immediately. I decline to make any findings on the merits of the case and leave that to the sound judgment of the District Court of Kansas.

IT IS SO ORDERED this 23rd day of May, 2024.

_____
James M. Moody Jr
United States District Judge